MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor-in-Possession,
CYCLE SHACK, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CYCLE SHACK, INC.,<br><br>          Debtor. | Case No. 15-30466-HLB-11<br><br>Chapter 11<br><br>DEBTOR'S MOTION FOR AUTHORITY TO SELL MACHINERY AND EQUIPMENT AT PUBLIC AUCTION<br><br>Honorable Hannah L. Blumenstiel |

COMES NOW Cycle Shack, Inc., Debtor in Possession herein, and moves the Court pursuant to 11 U.S.C. § 363(b) and Federal Rule of Bankruptcy Procedure 6004 for an order selling machinery and equipment, and respectfully represents:

1.    The within case was commenced by filing a voluntary chapter 11 petition on April 14, 2015. A trustee has not been appointed and the Debtor remains in possession of the estate.

2.    Among the assets of the bankruptcy estate is certain machinery and equipment, more fully described on Exhibit "A" attached to the Declaration of Homer H. Dyer, filed concomitantly herewith. The machinery and equipment is free and clear of liens.

3.    Debtor proposes to sell these assets at a public auction to be conducted by American Auctioneers Group, Inc. on or about June 23, 2015, at the Debtor's business premises located at 1104 San Mateo Avenue, South San Francisco, California.

1

4. Debtor believes that the proposed sale via public auction is the most cost effective way to sell assets of this type and therefore is in the best interests of the creditors and the bankruptcy estate generally.

5. Debtor filed Chapter 11 for the following reasons: Until recently, the Debtor was engaged in the business of manufacturing after-market accessories for motorcycles, such as "Screaming Eagle" products for Harley-Davidson, at its leased facility in South San Francisco, California. Debtor's contract with Harley-Davidson was terminated in the course of litigation, which Debtor lost. Harley-Davidson obtained a judgment in excess of $100,000, which it has been enforcing by levy upon Debtor's bank account. Debtor has also been subjected to fines by California Department Toxic Substance Control ("DTSC") and has submitted a closure and clean-up plan to DTSC, which is pending approval. There is a Stipulated Judgment in favor of DTSC in excess of $100,000.

6. Debtor believes that it is appropriate that it conduct the sale, using American Auctioneers Group, Inc., in the course of this Chapter 11 case. As indicated in the Declaration of Homer H. Dyer, filed concomitantly herewith, there will be a substantial effort required by the Debtor's personnel to prepare the machinery and equipment for sale in order to maximize the proceeds thereof. Moreover, the Debtor will be best suited to work with the DTSC to vacate the premises and attend to the toxic cleanup in a manner most acceptable to the DTSC.

7. The Stipulated Judgment between the Debtor and DTSC (*People of the State of California ex rel. Deborah O. Raphael, Director, California Department of Toxic Substances Control v. Cycle Shack, Inc., et al.*; San Francisco County Superior Court Case No. CGC-12525294), provides that, in the event that the Debtor sells its assets out of the ordinary course of business within five (5) years from the date of the Stipulated Judgment (October 30, 2012), all net sale proceeds shall be paid to DTSC up to the sum of $499,000. (See Judgment attached as Exhibit "B" to Declaration of Homer H. Dyer). Debtor's position is that DTSC does not have a lien upon the Debtor's assets, having filed no evidence of the Judgment with the California Secretary of State. Moreover, Debtor believes that DTSC has no claim to priority ahead of the claims of other creditors of the estate. However, Debtor believes that the sale of the machinery and equipment will further its

2

vacation of the premises and the cleanup of any toxic waste thereupon.

8. The Debtor believes that the sale is consistent with the provisions of the Bankruptcy Code and cases decided there under. The Debtor is not attempting to implement a *subosa* plan. The Debtor intends to file its plan upon liquidating these assets, selling remaining inventory, completing work in progress, and collecting receivables. Debtor believes that this is a sound business justification for this request and is an exercise with its good business judgment.

9. Debtor is aware of cases which require disapproval of sales where there is a "creeping reorganization" plan, *e.g., In re Lionel Corp.*, 722 F.2d 1063 (2d Cir.1983) and *In re Continental Air Lines, Inc.*, 780 F.2d 1223 (5th Cir.1986). Cases in this circuit, such as *In re Work Recovery, Inc.*, 202 B.R. 301 (Bankruptcy Court, D. Arizona 1996) have allowed sales where the principles of the aforesaid cases are not violated. Debtor submits that this is an appropriate use of Section 363(b) in this Chapter 11 case.

WHEREFORE, Debtor prays for entry of an order approving the sale of the above-described assets via public auction, and for such other and further relief as is proper in the premises.

DATED: May 11, 2015                                    MACDONALD | FERNANDEZ LLP

By:    /s/ Iain A. Macdonald
       Iain A. Macdonald
       Attorneys for Debtor-in-Possession,
       Cycle Shack, Inc.